United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 03-51103
and 03-51104

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN CASTANEDA-MARTINEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-711-ALL-PRM

_____

Before REAVLEY, JONES and DENNIS, Circuit Judges.

PER CURIAM:*

In these consolidated appeals, Ruben Castaneda-Martinez ("Castaneda") challenges his jury -trial conviction and 63-month sentence for illegal re-entry, 8 U.S.C. § 1326, and the revocation of his supervised release.  We AFFIRM.

Castaneda argues that the district court erred in refusing to instruct the jury on the insanity defense.  He contends that his illegal re-entry conviction should be vacated and that the

_____

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation of his supervised release must also be vacated.

The difficulty with this contention is that there is no evidence of a severe mental illness resulting in an inability to appreciate the nature and quality or the wrongfulness of his acts. Dr. Briones did testify to a mental illness due to substance abuse joined with an impulsivity and, further, that it was possible for Castaneda to feel that it would be worse to disobey God's will than man's law. And Castaneda did testify that he thought that there was no spiritual wrong for him to enter the United States.

We determine that this evidence fails to meet the requirement "that a rational jury could conclude, by clear and convincing evidence, that he was unable to appreciate his wrong doing as a result of a severe mental illness." See United States v. Dixon, 185 F.3d 393, 406 (5th Cir. 1999).

Castaneda also raises an Apprendi contention that is foreclosed by Almendarez-Torres.

We AFFIRM Castaneda's conviction and sentence, and we AFFIRM the revocation of his supervised release.